IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN J. BARKER,              :

    Petitioner,

v.                            :    Case No. 3:14-cv-321

SHERRI DUFFEY, Warden,             JUDGE WALTER H. RICE

    Respondent.           :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #2) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #5); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##3 AND 6); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS (DOC. #1); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

On October 2, 2014, United States Magistrate Judge Michael Merz issued a Report and Recommendations, Doc. #2, recommending that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #1, be dismissed with prejudice. Petitioner filed Objections, Doc. #3, and the Court recommitted the matter to Magistrate Judge Merz, Doc. #4, who issued a Supplemental Report and Recommendations on October 27, 2014, Doc. #5.  Petitioner filed additional Objections to the Supplemental Report and Recommendations.  Doc. #6.

Based on the reasoning and citations of authority set forth by the United States Magistrate Judge in his October 2, 2014, Report and Recommendations, Doc. #2, and his October 27, 2014, Supplemental Report and Recommendations, Doc. #5, as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filings in their entirety, and OVERRULES Petitioner's Objections thereto, Docs. ##3 and 6.  Petitioner's voluminous Objections further flesh out his asserted Grounds for Relief, but do not cure the defects identified by the Magistrate Judge.

With respect to Petitioner's claim of ineffective assistance of trial counsel, Petitioner has failed to show that the state court's decision is contrary to or an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  As the Magistrate Judge noted, the state court could not consider matters outside the record in ruling on the constitutional claim.  To the extent that Petitioner relies on facts contained in the state court record, he has failed to show that the state court's decision was objectively unreasonable.

Petitioner speculates, at great length, that certain witnesses, had they been subpoenaed by his attorney, would have testified in his favor, potentially changing the outcome of the trial.  But without affidavits from these alleged witnesses attesting to what they would have said, it cannot be shown that the attorney's failure to call these witnesses was prejudicial.  *See Dows v. Wood*, 211 F.3d 480, 486-87 (9th Cir. 2000); *Gray v. Epps*, 616 F.3d 436, 443 (5th Cir. 2010).  Petitioner has not presented any such proof.

Moreover, to the extent that Petitioner relies on any facts outside the record, the claim is procedurally defaulted because he failed to file a timely petition for post-conviction relief. Although Petitioner blames this failure on an attorney who allegedly promised to review his case but failed to do so in a timely manner, Petitioner had no constitutional right to counsel at that stage of the proceedings. Therefore, the attorney's alleged errors are attributable solely to Petitioner. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991)).

Under the circumstances presented here, Petitioner's claim that there was insufficient evidence to support his conviction also fails, particularly in light of the deference owed not only to the jury, but also to the state appellate court. *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Having reviewed the record, the Court concludes that the state court's finding that there was sufficient, credible evidence to support Petitioner's conviction on each count was an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979).

Accordingly, the Petition for a Writ of Habeas Corpus, Doc. #1, is DISMISSED WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: December 10, 2014                    _____
                                           WALTER H. RICE
                                           UNITED STATES DISTRICT JUDGE